JOEL K. LIBERSON (SBN: 164857) Joel@libersonwolford.com
JASON N. WOLFORD (SBN: 194177) Jason@libersonwolford.com
LIBERSON & WOLFORD LLP
660 Market Street, 5th Floor
San Francisco, CA 94104
Telephone: (415) 677-4110
Facsimile: (415) 358-8154

Attorney for Plaintiff GERALD PRENDERGAST

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD PRENDERGAST,<br><br>    Plaintiff,<br><br>v.<br><br>TRINITY MANAGEMENT SERVICES, ANGELO SANGIACOMO, YVONNE F. SANGIACOMO ANGELO SANGIACOMO and YVONNE F. SANGIACOMO as Trustees of the SANGIACOMO FAMILY TRUST, and DOES ONE through TEN<br><br>    Defendants. | CASE NO.<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:<br><br>1. Violation of Fair Hosing Act [42 U.S.C. 3601 et seq.];<br>2. Violation of California FEHA [Govt. Code 12960 et seq., Housing Discrimination]<br>3. Violation of San Francisco Rent Stabilization and Arbitration Ordinance [Ch 37 of the San Francisco Administrative Code]<br><br>PRAYER FOR PUNITIVE DAMAGES<br>JURY TRIAL DEMANDED |

## I. PARTIES AND THEIR RELATIONSHIPS

1. Plaintiff GERALD PRENDERGAST is, and at all times relevant herein was, a resident of the City and County of San Francisco, California.

2. Plaintiff is informed and believes, and on that basis alleges, that Defendant TRINITY MANAGEMENT SERVICES ("Trinity") is, and at all times relevant herein was, a corporate entity licensed to do business in the state of California. At all times relevant herein Defendant Trinity was the owner, and/or landlord, and/or responsible for the management of the apartment building located at 5635 Anza Street, San Francisco, California (hereinafter "the

subject building"), including apartment #5 (hereinafter "the subject premises"), the unit wherein Plaintiff has been a tenant pursuant to a lease agreement for approximately eleven years. The subject building contains six separate apartment units.

3. Upon information and belief, Defendant Trustees of the SANGIACOMO FAMILY TRUST ("Sangiacomo Family Trust"), at all times relevant herein, actually owned, dominated, and controlled Trinity, orchestrated and ratified and was otherwise involved in the unlawful conduct described herein, had responsibility for management of the subject building, and was/were an alter-ego of Trinity, ANGELO SANGIACOMO, YVONNE F. SANGIACOMO and/or Does One through Ten.

4. Upon information and belief, Defendant ANGELO SANGIACOMO ("Angelo Sangiacomo"), at all times relevant herein, actually owned, and/or dominated, and/or controlled Trinity and/or the Sangiacomo Family Trust, orchestrated and ratified and was otherwise involved in the unlawful conduct described herein, and was an alter-ego of Trinity and/or the Sangiacomo Family Trust.

5. Upon information and belief, Defendant YVONNE F. SANGIACOMO ("Yvonne Sangiacomo"), at all times relevant herein, actually owned, and/or dominated, and/or controlled Trinity and/or the Sangiacomo Family Trust, orchestrated and ratified and was otherwise involved in the unlawful conduct described herein, and was an alter-ego of Trinity and/or the Sangiacomo Family Trust.

6. The true names of DOE Defendants ONE through TEN are presently unknown to Plaintiff, who thereby sues said Defendants by such fictitious names in accordance with applicable law. Plaintiff is informed and believes, and on that basis alleges that each such Defendant is responsible in some manner for the harm suffered by Plaintiff or the conduct alleged herein. When Plaintiff ascertains their true names, he will amend this complaint to state same.

## II. JURISDICTION AND VENUE

7. This Court has jurisdiction over this action under 42 U.S.C. section 3601 et seq, for violation of the Fair Housing Act – a federal question under 28 U.S.C. section 1441. This Court has supplemental jurisdiction pursuant to 28 U.S.C. section 1367 to hear and determine Plaintiff's state law claims because those claims are related to Plaintiff's federal law claim and arise out of a common nucleus of related facts. Plaintiff's state law claims are related to Plaintiff's federal law claims such that those claims form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in the Northern District of California because the claims alleged herein arose within San Francisco, California.

## III. INTRADISTRICT ASSIGNMENT

9. This action is properly assigned to the San Francisco Division of the United States District Court for the Northern District of California because the claims alleged herein arose within the City and County of San Francisco, California.

## IV. GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10. Plaintiff took possession of the subject premises in or around June 1997, and has continuously resided there since that time pursuant to a written lease. Plaintiff performed all covenants to be performed by virtue of his rental agreement. Plaintiff continues to have lawful possession of the subject premises.

11. Plaintiff currently pays $1,554.96 in monthly rent for the subject premises. By virtue of his eleven year tenancy at the subject premises and the rent control law which covers the subject premises (the San Francisco Rent Stabilization and Arbitration Ordinance), Plaintiff's monthly rent is substantially less than the current market rate.

12. Plaintiff is a 64 year-old man who has suffered from severe depression at various time since 1964, and who was diagnosed with a mental disability referred to as Bipolar Disorder II in 2001. Plaintiff's depression and Bipolar Disorder II are recognized handicaps/disabilities

under federal, state, and local housing laws.

13. From March 2001 to October 2007, Plaintiff received medical treatment for his Bipolar Disorder II from Dr. Brad Crowell, of The Permanente Medical Group, Inc., Department of Psychiatry. Plaintiff has a family history of mental disorder and disability.

14. Plaintiff lived a peaceful existence at the subject premises throughout the majority of the six-and-one-half years that Plaintiff received treatment from Dr. Crowell. Then, toward the fall of 2007, the medications that Plaintiff had been taking became less effective in treating some of the symptoms of his disability. As a result, Plaintiff began to experience some manic episodes related to his disability.

15. Thereafter, in September 2007, Trinity alleged that Plaintiff had caused a nuisance at the subject premises and gave him a warning. The conduct that may have caused a disturbance to the some of the other tenants of the building was directly related to Plaintiff's disability. There is no indication that the incident in question resulted in any danger to any of the other tenants of the subject building.

16. The day following the incident referenced above, Plaintiff informed Trinity that he suffered from Bipolar Disorder II, and that he and his doctor were in the midst of trying to adjust his medications in order to address his mood symptoms related to the incident.

17. In or around October 2007, Plaintiff could no longer afford to pay for his then existing medical insurance policy. As a result, he could no longer afford to receive treatment from Dr. Crowell.

18. During the time period that Plaintiff was no longer receiving medical treatment for his disability, Plaintiff's landlord complained of three additional disturbances related to Plaintiff's conduct. However, none of these three alleged disturbances resulted in the police being called or any indication that any of the other tenants in the subject building were in danger.

19. On or around April 30, 2008, the named Defendants and Does One through Ten caused an eviction notice to be served on Plaintiff based upon a claim of nuisance. The eviction notice was signed by Mr. Daniel Bornstein, Esq., the agent and attorney for the named

Defendants and Does 1 through 10.

20. In response to the eviction notice, Plaintiff sent a letter to Mr. Bornstein. The letter informed Mr. Bornstein of Plaintiff's disability and the nexus between his disability and the alleged conduct raised in the eviction notice. The letter further requested that Defendants provide Plaintiff with a reasonable accommodation of 60 days to obtain medical treatment from a new doctor in order to get his symptoms under control. Plaintiff also attached a letter from Dr. Brad Crowell confirming his diagnosis in support of his request for an accommodation. A true and correct copy of these letters are attached hereto as Exhibit A.

21. Plaintiff never received a response from Mr. Bornstein, the named Defendants, or Does One through Ten to his request for a reasonable accommodation.

22. On May 29, 2008, Plaintiff delivered another letter to Mr. Bornstein. The letter provided additional information pertaining to Plaintiff's disability and treatment, and contained another request for a reasonable accommodation. A true and correct copy of this letter is attached hereto as Exhibit B.

23. Plaintiff never received a response from Mr. Bornstein, the named Defendants, or Does One through Ten to his second request for a reasonable accommodation.

24. On June 4, 2008, Plaintiff began treating with a new doctor, Kenneth Gottlieb, M.D. Dr. Gottlieb prescribed to Plaintiff a mood stabilizer, which is used for individuals suffering from Bipolar Disorder II to control their manic episodes.

25. Thereafter, on June 7, 2008, Plaintiff sent yet a third letter to Mr. Bornstein. The letter stated that Plaintiff was now receiving treatment from a new doctor for his disability, that it was his "fervent belief that this treatment will allow me to conform with the rules and regulations of [his] tenancy[,]" and again requesting a reasonable accommodation for his disability. Plaintiff also attached a letter from his new treating physician, Dr. Kenneth Gottlieb in support of his request for an accommodation. A true and correct copy of these letters are attached hereto as Exhibit C.

26. Plaintiff never received a response from Mr. Bornstein, the named Defendants, or

Does One through Ten to his third request for a reasonable accommodation. Instead, Plaintiff was served with an eviction lawsuit that had been filed against him in San Francisco Superior Court. The Defendants' lawsuit alleges nuisance as the reason for the eviction.

27. After receiving Plaintiff's Answer to the eviction lawsuit, the Defendants immediately filed a request for trial setting with the San Francisco Superior Court.

28. The subject premises are, and at all relevant times were, subject to the "just cause" eviction provisions of Chapter 37 of the San Francisco Residential Rent Stabilization and Arbitration Ordinance (hereinafter "The Rent Ordinance"), which sets forth the exclusive grounds for recovering possession of covered residential units in San Francisco. All named Defendants and Does One through Ten breached the Rent Ordinance by engaging in coercive, deceitful, and vexing conduct, all in an effort designed to cause Plaintiff to vacate his home and lose the benefit of his rent-controlled tenancy.

29. The conduct of all named Defendants and Does One through Ten was willful, fraudulent, oppressive and malicious in conscious disregard of the rights of Plaintiff. Plaintiff is therefore entitled to punitive damages.

## V. CAUSES OF ACTION

Plaintiff hereby asserts the following causes of action.

**FIRST CAUSE OF ACTION**
**[VIOLATION OF THE FAIR HOUSING ACT]**
**[42 U.S.C. 3601 et seq.]**

30. Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 29 as though fully set forth herein.

31. Plaintiff's depression and Bipolar Disorder II are mental impairments which substantially limit one or more of his major life activities within the meaning of the Fair Housing Act, 42 U.S.C. 3601 et seq. The named Defendants and Does One through Ten knew or reasonably should have known that Plaintiff suffered from these disabilities/handicaps. The requested reasonable accommodation pertaining to Plaintiff's disabilities/handicaps may be

necessary to afford Plaintiff an equal opportunity to use and enjoy the subject premises. There is a direct nexus between Plaintiff's disabilities/handicaps and the conduct raised by the named Defendants and Does One through Ten in their attempt to evict Plaintiff.

32. The named Defendants and Does One through Ten failed to provide the requisite reasonable accommodations to Plaintiff required by the Fair Housing Act. Instead, they sought to evict Plaintiff from his home of approximately eleven years. In so doing, the named Defendants and Does One through Ten were committing a discriminatory housing practice. Defendants' failure to provide a reasonable accommodation to Plaintiff has had a discriminatory effect and/or impact on Plaintiff based upon his disabilities/handicaps.

33. The named Defendants and Does One through Ten knew, or in the exercise of reasonable care should have known, that their conduct as alleged herein would cause Plaintiff and others similarly situated to suffer financial and emotional harm.

34. As a direct and proximate result of the conduct of the named Defendants and Does One through Ten alleged herein, Plaintiff has suffered financial and emotional harm in an amount exceeding the jurisdictional limits of this Court, to be established according to proof at trial.

35. The conduct of the named Defendants and Does One through Ten alleged herein was and continues to be oppressive, fraudulent, malicious, and done with conscious disregard of Plaintiff's rights as a tenant. Plaintiff is therefore entitled to recover punitive damages against the named Defendants and Does One through Ten in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**[VIOLATION OF CALIFORNIA FEHA – HOUSING DISCRIMINATION]**
**[CALIFORNIA GOVERNMENT CODE SECTION 12960 et seq.]**

36. Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 35 as though fully set forth herein.

37. Plaintiff suffers from a mental or psychological disorder or condition as defined in California Government Code section 12926. The named Defendants and Does One through Ten knew or reasonably should have know that Plaintiff suffered from these disabilities/handicaps.

The requested reasonable accommodation pertaining to Plaintiff's disabilities/handicaps may be necessary to afford Plaintiff an equal opportunity to use and enjoy the subject premises. There is a direct nexus between Plaintiff's disability and the conduct raised by the named Defendants and Does One through Ten in their attempt to evict Plaintiff.

38. The named Defendants and Does One through Ten failed to provide the requisite reasonable accommodations to Plaintiff required by the California Government Code section 12960 et seq. Instead, they sought to evict Plaintiff from his home of approximately eleven years. In so doing, the named Defendants and Does One through Ten were committing a discriminatory housing practice. Defendants' failure to provide a reasonable accommodation to Plaintiff has had a discriminatory effect and/or impact on Plaintiff based upon his disability.

39. The named Defendants and Does One through Ten knew, or in the exercise of reasonable care should have known, that their conduct as alleged herein would cause Plaintiff and others similarly situated to suffer financial and emotional harm.

40. As a direct and proximate result of the conduct of the named Defendants and Does One through Ten alleged herein, Plaintiff has suffered financial and emotional harm in an amount exceeding the jurisdictional limits of this Court, to be established according to proof at trial.

41. The conduct of the named Defendants and Does One through Ten alleged herein was and continues to be oppressive, fraudulent, malicious, and done with conscious disregard of Plaintiff's rights as a tenant. Plaintiff is therefore entitled to recover punitive damages against the named Defendants and Does One through Ten in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**[VIOLATION OF THE SAN FRANCISCO RENT ORDINANCE --**
**CHAPTER 37 OF THE SAN FRANCISCO ADMINISTRATIVE CODE]**

42. Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 41 as though fully set forth herein.

43. The conduct of the named Defendants and Does One through Ten constitutes a

series of ongoing wrongful endeavors to recover possession of Plaintiff's rental unit in violation of Section 37.9 of the Rent Ordinance. At no time did any of the named Defendants and/or Does One through Ten have good cause to evict Plaintiff under the San Francisco Rent Ordinance. The endeavors of the named Defendants and Does One through Ten to recover possession did not comply with the requirements of the Rent Ordinance.

44.    As a direct and proximate result of the conduct of the named Defendants and Does One through Ten, Plaintiff has suffered and continues to suffer economic losses in amounts to be proven at trial. Plaintiff has also suffered and continues to suffer severe emotional distress to his detriment in amounts not yet fully ascertained. Pursuant to Section 37.9 of the San Francisco Rent Ordinance, Plaintiff is entitled to recover money damages of not less than three times actual damages plus reasonable attorney's fees and costs.

45.    The conduct of the named Defendants and Does One through Ten alleged herein was and continues to be oppressive, fraudulent, malicious, and done with conscious disregard of Plaintiff's rights as a tenant. Plaintiff is therefore entitled to recover punitive damages against the named Defendants and Does One through Ten in an amount to be determined at trial.

WHEREFORE, Plaintiff prays for relief as set forth below, in amounts according to proof at the time of trial:

1.    For economic damages;

2.    For non-economic damages;

3.    For statutory damages of not less than three times actual damages under the FHA and/or the San Francisco Rent Ordinance;

4.    For exemplary and punitive damages allowed by law;

5.    For reasonable attorney's fees as allowed by law;

6.    For costs of suit;

7.    For injunctive relief;

8.    For disgorgement/restitution of all income/profits Defendant has realized from its wrongful conduct;

COMPLAINT FOR DAMAGES FOR INJUNCTIVE RELIEF

9. For such other and further relief as the Court deems just and proper.

Dated: June 2*0* 2008

By: _____
JOEL K. LIBERSON
JASON N. WOLFORD
Attorneys for Plaintiff

-10-
COMPLAINT FOR DAMAGES FOR INJUNCTIVE RELIEF

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury. Said request was initially made with the original complaint.

Dated: June 2̲o̲, 2008

By: _____
JOEL K. LIBERSON
JASON N. WOLFORD
Attorneys for Plaintiff

# EXHIBIT A

May 14, 2008

Daniel Bornstein, Esq
Bornstein and Bornstein
507 Polk Street, Suite 320
San Francisco, CA 94102

Mr. Bornstein:
In response to your 30-Day Notice to Quit, I am requesting a reasonable accommodation based on a mental disability called Bipolar Disorder (please refer to attached letter).
I have been struggling to get my moods balanced on my medications since September 2007.

Please be assured that these episodes of nuisance are directly linked to my Disorder. I would never intentionally cause a problem for my neighbors. I fully respect the other tenants in this building and have kept them informed as to my progress. They have expressed their support in my efforts. I have been a tenant in good faith in this building for over 10 years and plan to fully cooperate to resolve the nuisance issues.

Therefore, I am requesting a period of 60 days in which time I will be seeing another Doctor and starting a new treatment plan including new medications that can take four weeks to work. I have managed this Disorder successfully in the past and am certain that I can again.

Please respond as soon as possible to my request.

Sincerely,


Gerald Prendergast
5635 Anza St # 5
San Francisco, CA 94121
415-831-3373

Attachments

# The Permanente Medical Group, Inc.
DEPARTMENT OF PSYCHIATRY
4141 GEARY BOULEVARD, 3RD FLOOR
SAN FRANCISCO, CALIFORNIA 94118

ANTIOCH
CAMPBELL
DAVIS
FAIRFIELD
FOLSOM
FREMONT
FRESNO
GILROY
HAYWARD
MARTINEZ
MILPITAS
MOUNTAIN VIEW
NAPA
NOVATO
OAKLAND
PARK SHADELANDS
PETALUMA
PLEASANTON
RANCHO CORDOVA
REDWOOD CITY
RICHMOND
ROSEVILLE
SACRAMENTO
SAN FRANCISCO
SAN JOSE
SAN RAFAEL
SANTA CLARA
SANTA ROSA
S. SACRAMENTO
S. SAN FRANCISCO
STOCKTON
UNION CITY
VACAVILLE
VALLEJO
WALNUT CREEK

5/13/08

Daniel Bornstein, Esq
507 Polk St., Suite 320
San Francisco, CA 94102

Mr. Bornstein:

Gerald Prendergast, MR # 10523891, was under my care for the treatment of Bipolar Disorder, Type II, from March, 2001 until October, 2007. This disorder is characterized by periods of relative clinical stability alternating with periods of depression, hypomania, or mixed depression/hypomania. In these states Mr. Prendergast has experienced significant fluctuations of mood, sleep, energy, and activity level, as well as significant fluctuations of thought, judgment and behavior. This has at times had major impact on his ability to function in daily living and on his interactions with other people.

Brad Crowell, MD
Staff Psychiatrist
415-833-3021


KAISER PERMANENTE®

07143-040 (REV. 10-02)

# EXHIBIT B

May 29, 2008

**HAND DELIVERED AND FAXED**

Daniel Bornstein, Esq

Bornstein and Bornstein

507 Polk Street, Suite 320

San Francisco, CA 94102

Dear Mr. Bornstein:

I am writing this letter as a follow-up to my letter of May 14 requesting a 60-day accommodation period to seek further treatment for Bipolar Disorder. Again, this will allow me time to get addition medical treatment that will enable me to conform to the policies and practices set forth in my rental agreement and to preserve my tenancy without negatively impacting my neighbors.

You previously received a letter from Dr. Brad Crowell on May 14 in support of my request for a reasonable accommodation. Due to a change in health insurance resulting from my financial situation, I am no longer able to receive treatment from Dr. Brad Crowell. Therefore, I have secured an appointment with Dr. Kenneth Gottlieb at 909 Hyde Street, San Francisco, Tel# 415-346-2103 for Wed. June 4 for treatment and medication. While I am waiting, I can assure you that there will be no nuisance disturbances. I intend to regularly receive all necessary therapy and treatment which will enable me to comply with the rules and regulations concerning my tenancy.

I am informing you of my plans as a show of good faith and as testament to my commitment to regain my health. Please contact me ASAP so we can have a discussion regarding my requested accommodation. I want to amicably resolve this matter with my landlord so I can remain a tenant at 5635 Anza St #5. I sincerely appreciate your attention and look forward to hearing from you.

Sincerely,

Gerald Prendergast

**EXHIBIT C**

June 7, 2008

**VIA CERTIFIED MAILING**
Daniel Bornstein, Esq
Bornstein and Bornstein
507 Polk Steet, Suite 320
San Francisco, CA 94102

Dear Mr. Bornstein:

I am writing this letter to confirm that on June 4, 2008, I was seen by Dr. Kenneth Gottlieb and was given medication to treat my Bipolar Disorder. Please refer to the enclosed letter for further details. It is my fervent belief that this treatment will allow me to conform with the rules and regulations of my tenancy at 5635 Anza St. #5. Again, I am requesting that you contact me ASAP so we can discuss my original request for accommodation of 60 days dated May 14.

Sincerely,

Gerald Prendergast

415-831-3373

# KENNETH I. GOTTLIEB, M.D.

A PROFESSIONAL CORPORATION

909 Hyde Street, Suite 430
San Francisco, California 94109

415-346-2143  415-775-5909 Fax



Diplomate American Board
of Psychiatry and Neurology

Psychiatric Consultation
and Treatment

June 5, 2008

Re:    Gerald Prendergast
D.O.B.:    1/28/44

To whom it may concern:

I am writing with regard to Mr. Gerald Prendergast at his request.

I saw Mr. Prendergast yesterday for psychiatric consultation. Mr. Prendergast has a longstanding history or recurrent, disabling depressive episodes for which he has generally been treated with Prozac (fluoxetine) with reasonable response. In recent years – whether in response to the stimulating effects of the SSRI medication, or simply a reflection of an underlying Bipolar II Disorder, or both – Mr. Prendergast has had a number of hypomanic episodes characterized by agitation, irritability, sleep disturbance and disruptive behavior. This is in marked contrast to his usually docile manner. The most appropriate diagnosis is: Bipolar II Disorder. I have advised Mr. Prendergast to taper off the Prozac and have offered him samples of Lamictal, an anti-convulsant, used "off label" for the management of depression associated with Bipolar Disorder. This medication does not have the stimulating effects of SSRIs.

Mr. Prendergast has indicated that his mood associated disruptive behavior has had negative consequences such that his landlord is threatening eviction. While the legal ramifications of Mr. Prendergast's condition are best left to an attorney, I will suggest that his psychiatric condition will unquestionably qualify under the Americans with Disabilities Act, and that Mr. Prendergast should be regarded as a "qualified individual with a disability" and an appropriate candidate for reasonable accommodation with regard to his treatment needs.

Very truly yours,

Kenneth I. Gottlieb, M.D.

/s