EDWARD J. RODZEWICH, ESQ. – State Bar No. 159466
edward.rodzewich@farmersinsurance.com
**VALERIAN, PATTERSON & STRATMAN**
1650 Harbor Bay Parkway, Suite 100
Alameda, CA  94502-3013
Phone:  (510) 521-0612
Fax:  (510) 337-0125

Attorney for  defendants TRINITY MANAGEMENT SERVICES, ANGELO SANGIACOMO, AS TRUSTEES OF THE SANGIACOMO FAMILY TRUST, YVONNE F. SANGIACOMO, AS TRUSTEES OF THE SANGIACOMO FAMILY TRUST

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD PRENDERGAST,<br><br>        Plaintiff,<br><br>     vs.<br><br>TRINITY MANAGEMENT SERVICES, ANGELO SANGIACOMO, AS TRUSTEES OF THE SANGIACOMO FAMILY TRUST, YVONNE F. SANGIACOMO, AS TRUSTEES OF THE SANGIACOMO FAMILY TRUST,<br><br>        Defendants. | Case No.: CV083046<br>UNLIMITED JURISDICTION<br><br>**ANSWER TO COMPLAINT**<br><br>JURY TRIAL DEMANDED |

    COME NOW the Defendants, TRINITY MANAGEMENT SERVICES, ANGELO SANGIACOMO, AS TRUSTEES OF THE SANGIACOMO FAMILY TRUST, YVONNE F. SANGIACOMO, AS TRUSTEES OF THE SANGIACOMO FAMILY TRUST, above named, and in answer to the Complaint of Plaintiff on file herein admit, deny and allege as follows:

    The defendants admit the following allegations in the plaintiff's complaint:  1, 2, 7, 8, 9, 19, 20, 22, 25, and 27.

    The defendants deny the following allegations in the plaintiff's complaint:  10, 11, 21, 23, 26, 29, 31, 32, 33, 34, 35, 37, 38, 39, 40, 41, 43, 44, and 45.

As to the allegations in paragraphs 3, 4, and 5, the defendants admit that named defendants are agents of each other but deny that there was any "unlawful conduct" to orchestrate or ratify.

As to the allegations in paragraph 15, the defendants admit the first sentence and deny the remainder of the paragraph.

As to the allegations in paragraph 18, the defendants admits that the landlord provided additional warnings to the plaintiff but the defendants are without knowledge or information sufficient to form a belief as to the truth as to when the plaintiff was on medication. The defendants deny the last sentence.

As to the allegations in paragraph 28, the defendants admit the first sentence and deny the second.

The defendant is without knowledge or information sufficient to form a belief as to the truth of the following allegations: 6, 12, 13, 14, 16, 17, 24, 30, 36, and 42.

**AFFIRMATIVE DEFENSE**

1. That the Complaint and each of the alleged causes of action fails to state facts sufficient to constitute a cause of action against these answering defendants.

2. That all times mentioned in the Complaint, the plaintiff so carelessly, recklessly and negligently conducted and maintained himself so as to cause and contribute in some degree to the alleged incident and to the damages and injuries, if any, alleged to have been sustained by said plaintiff and therefore said negligence completely bars any recovery or in the alternative, it reduces the right of recovery by that amount said negligence contributed to this incident as set forth under the doctrine of comparative negligence.

3. That at all times mentioned in the Complaint, the plaintiff knowing the probable consequences thereof, placed himself in a position of danger and freely and voluntarily participated in all the activities alleged herein, and thereby assumed all the risks attendant thereto.

4. That plaintiff failed to exercise reasonable care and diligence to mitigate any damages sustained by reason of defendants' alleged acts. Therefore, any damages awarded to plaintiff shall be limited to the damages plaintiff would have sustained had plaintiff mitigated his damages.

5. That plaintiff is barred from any recovery as to these answering defendants, in that any damage proven to have been sustained by plaintiff was the direct and proximate result of the

independent and superseding action of plaintiff and other persons or parties, and not due to any act or omission on the part of these defendants.

6. That Chapter 37 of the San Francisco Administrative Code is unconstitutional under Federal and State constitutions because, as a local governmental agency, the City and County of San Francisco does not have the power to create a private right of action for damages or for the trebling of actual damages and because a private cause of action and trebling of damages are not required in enforcement of eviction controls imposed therein.

7. That Plaintiff has waived and/or released their right to maintain the action filed in this case.

8. To the Complaint and each and every cause of action thereof, these answering Defendants allege that Plaintiff is estopped by action of law or by conduct from maintaining the action filed in this case, including, but not limited to the doctrines of res judicata and collateral estoppel. All relevant issues have already been litigated in San Francisco Superior Court.

9. To the Complaint and each and every cause of action thereof, these answering Defendants allege that the action filed in this case is not maintainable under the equitable doctrine of laches.

10. To the Complaint and each and every cause of action thereof, these answering Defendants allege that Plaintiff in this case is barred from recovery in this case under the doctrine of unclean hands.

11. To the Complaint and each and every cause of action thereof, these answering Defendants allege that Plaintiff has failed to state a claim upon which attorneys' fees can be awarded.

12. To the Complaint and each and every cause of action thereof, these answering Defendants allege that the actions complained were made without malice or wrongful intent on the part of defendants and in a reasonable and good faith belief of their legal right to perform the actions complained of.

13. That prior to the commencement of this action these answering Defendants allege duly performed, satisfied and discharged all duties and obligations they may have owed to the plaintiff arising

ANSWER TO COMPLAINT - 3

1  out of any and all agreements, representations, or contracts made by or on behalf of these answering
2  Defendants.
3    14.  That Plaintiff violated material covenants and conditions of the rental agreement,
4  including the covenant of good faith and fair dealing, thereby terminating and extinguishing the duties
5  allegedly owed by these answering Defendants allege, or reducing or abating the amount of damages to
6  which Plaintiff is entitled, if any.
7    15.  That if any damages are awarded to plaintiff, the amount of damages should be offset by
8  the amounts, if any, owed to defendants pursuant to the terms of the rental agreement.
9    16.  That at all times herein relevant that all alleged efforts to recover possession of the
10 premises are privileged pursuant to the litigation privileges pursuant to Civil Code Sec. 47(b).
11   17.  That plaintiff's Complaint to the extent that it seeks exemplary or punitive damages
12 pursuant to California Civil Code Section 3294, violate defendants' right to procedural due process
13 under the Fourteenth Amendment of the United States Constitution, and Article I, Section 7 of the
14 Constitution of the State of California, and therefore fails to state a cause of action upon which either
15 punitive or exemplary damages can be awarded.
16   18.  That said Complaint, to the extent that it seeks punitive or exemplary damages pursuant
17 to California Civil Code Section 3294, violate defendants' right to protection from "excessive fines" as
18 provided in the Eighth Amendment of the United States Constitution and Article I, Section 17 of the
19 Constitution of the State of California, and violate defendants' right to substantive due process as
20 provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution
21 of the State of California, and therefore fails to state a cause of action supporting the punitive or
22 exemplary damages claimed.
23   19.  That said Complaint, and each cause of action therein, fails to state facts sufficient to
24 warrant an award of exemplary or punitive damages.
25   20.  That defendants' alleged practice is not unlawful, unfair, or likely to mislead.
26   21.  That plaintiff's causes of action, and each of them, and their injunctive and restitution
27 remedies, are barred in light of the fact that plaintiff has an adequate remedy of money damages. In
28

ANSWER TO COMPLAINT - 4

addition, injunctive relief is improper in this action since the plaintiff has are ready moved out of the premises.

22. Defendants did provide reasonable accommodations to the plaintiff.

23. The defendant's actions were at all times proper and lawful since the plaintiff's tenancy would result in substantial physical damage to the property of others, would constitute a direct threat to the health or safety of others, and would substantially impair the use and occupancy of the premises for other tenants.

WHEREFORE, defendants pray as follows:

1. That plaintiff take nothing by reason of his said Complaint;

2. That these Defendants be dismissed hence with prejudice;

3. For defendants' costs, including attorneys' fees, costs, and expert witness fees incurred in defense of this action;

4. For such other, further relief as this Court may deem just and proper.

## NOTICE

By placing the following statement in the answer, neither these Defendants nor their counsel waives any privilege or objection regarding the admissibility of the following statement (or the existence of insurance coverage for these Defendants), and requests that this statement be redacted as may be necessary and appropriate to protect these answering Defendants.

All attorneys and staff of the office of Valerian, Patterson & Stratman are employees of the Claims Litigation Department, Farmers Insurance Exchange and Affiliates, and not a partnership.

DATED: July 23, 2008                                    VALERIAN, PATTERSON & STRATMAN

BY: _Edward J. Rodzewich_
Edward J. Rodzewich, Esq.
Attorney for Defendants

ANSWER TO COMPLAINT - 5

## JURY DEMAND

Pursuant to rules 38 of the Federal Rules of Civil Procedure, defendants request a trial by jury.

DATED: July 23, 2008             VALERIAN, PATTERSON & STRATMAN

                       BY: _____
                           Edward J. Rodzewich, Esq.
                           Attorney for Defendants